UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| ALEXANDER WATKINS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:05-cv-322 |
| | ) | *Collier/Lee* |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

**I.     Introduction**

Before the Court is the Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) [Doc. No. 20], with a supporting memorandum [Doc. No. 21] and declaration of the Plaintiff's attorney concerning the fees requested, including information about the number of hours spent by various persons on the case, the hourly rate for said persons, and the qualifications of the persons who performed the services for which EAJA fees are sought [Doc. No. 22].  Defendant, the Commissioner of Social Security ("Commissioner"), has filed a response in opposition to the Plaintiff's motion [Doc. No. 23] and the Plaintiff has filed a reply to the Commissioner's response [Doc. No. 24].  This matter is now ripe for review and it has been

referred pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b) for a report and recommendation regarding the disposition of the Plaintiff's motion for an award of attorney's fees under the EAJA.

For the reasons that follow, it is **RECOMMENDED** that: (1) Plaintiff's motion for an award of attorney's fees under the EAJA [Doc. No. 20] be **GRANTED**; (2) Plaintiff be awarded EAJA attorney's fees in the amount of $6,166.50 and costs for the filing fee in the amount of $250.00, for a total award under the EAJA of $6,416.50; and (3) the award of EAJA fees be paid to the Plaintiff's attorney.

## II. Requirements for Entitlement to EAJA Attorney's Fees

In order to be entitled to EAJA attorney's fees four conditions must be met:

(1) the plaintiff must be a prevailing party;

(2) the application for attorney's fees, including an itemized justification for the amount requested, must be filed within 30 days of the final judgment in the action;

(3) no special circumstances warranting denial of fees may exist; and

(4) the government's position must be without substantial justification.

28 U.S.C. § 2412(d); *see also Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997).

### A. Prevailing Party

In this matter, Plaintiff is a prevailing party for purposes of EAJA fees. On November 18, 2005, Plaintiff filed a complaint seeking judicial review of the Commissioner's decision and requesting reversal of the Commissioner's denial of benefits and either: (1) an award of benefits or (2) a remand for further administrative consideration [Doc. No. 1]. The Court found the Commissioner's denial of benefits was not supported by substantial evidence and remanded the case for further consideration under sentence four of 42 U.S.C. § 405(g) [Doc. No. 19]. When Plaintiff

obtained a remand of this action pursuant to sentence four of 42 U.S.C. § 405(g), he became a prevailing party for EAJA purposes. *See Jones v. Commissioner of Social Security*, No. 1:05-cv-789, 2007 WL 1362776, * 2 (S.D. Ohio. May 8, 2007) (citing *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993)).

### B. Timeliness/Special Circumstances

Plaintiff filed his motion for EAJA attorney's fees on April 20, 2007 [Doc. No. 20], within 30 days of this Court's judgment remanding this matter for further administrative consideration under sentence four of 42 U.S.C. § 405(g) [Doc. No. 19]. Moreover, the Commissioner has not argued there are any special circumstances present.

### C. Substantial Justification

The Commissioner argues its position was substantially justified [Doc. No. 23 at 2]. Under the EAJA, a court cannot award attorney's fees if the position of the Commissioner was substantially justified. In *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988) the phrase "substantially justified" was interpreted as follows:

> as between the two commonly used connotations of the word "substantially," the one most naturally conveyed by the phrase before us here is not "justified to a high degree," but rather "justified in substance or in the main" - that is, justified to a degree that could satisfy a reasonable person. That is no different from the "reasonable basis both in law and fact" formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue. See . . . *Trident Marine Construction, Inc. v. District Engineer*, 766 F.2d 974, 980 (6th Cir. 1985); . . . to be "substantially justified" means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for government litigation of which a reasonable person would approve.

The government's position will be substantially justified under the EAJA if it has a reasonable basis in both law and fact. *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). "The

burden of establishing 'that the position of the United States was substantially justified,' . . . must be shouldered by the Government." *Scarborough V. Principi*, 541 U.S. 401, 414 (2004).

The Commissioner asserts the primary issue raised in this matter was whether the Administrative Law Judge ("ALJ") properly considered Plaintiff's obesity [Doc. No. 23 at 3]. The Commissioner acknowledges that the ALJ did not explicitly refer to the Plaintiff's obesity in his decision. However, the Commissioner asserts it was clear from the record and the decision that both the ALJ and the physicians upon whose reports he relied were aware of the Plaintiff's obesity [*id.*]. Thus, the Commissioner asserts his position that the ALJ implicitly considered the Plaintiff's obesity was substantially justified because it was reasonable [*id.*].

The Plaintiff contends the Commissioner's position was not substantially justified because the ALJ failed to address the issue of Plaintiff's obesity in contravention of the Commissioner's own regulations [Doc. No. 24 at 2]. Plaintiff contends that because the ALJ's decision is in contravention of the Commissioner's published regulations/requirements for the analysis of a claimant's obesity, it is not substantially justified [*id.*].

In remanding this matter for further administrative consideration, the Court found the Commissioner failed to comply with the regulations concerning the consideration of a claimant's obesity in making a disability determination [Doc. No. 17 at 5]. The Court found the ALJ did not explicitly address the Plaintiff's obesity in his decision [*id.* at 5-6], and the Court noted with regard to the ALJ's decision in this matter that "to read the ALJ decision, one would never know Mr. Watkins is overweight at all, let alone over 400 pounds" [*id.* at 8, citing Doc. No. 16 at 3]. Further, the Court noted that the ALJ never indicated obesity was a severe impairment [*id.*]. In short, the Court found in pertinent part "the ALJ's decision and findings are insufficient to ensure this Court's

fair review because there is no explanation of whether the ALJ considered Plaintiff's own obesity" [*id.* at 18].

The Commissioner also asserts that because the magistrate judge's report recommended upholding the Commissioner's decision, the Commissioner's position was reasonable. However, the position of the Commissioner may not be substantially justified even in cases where the Appeals Council, a magistrate judge and a district judge all agree with the ALJ's position. *See Howard*, 376 F.3d at 554. As the United States Supreme Court has recognized, "[t]he fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." *Pierce*, 487 U.S. at 569.

In this instance, although the magistrate judge recommended the Commissioner's denial of benefits be affirmed, the district judge remanded the matter for further findings of fact because the ALJ did not comply with the regulations and made no findings as to whether the Plaintiff's obesity affected his entitlement to benefits. The ALJ's failure to comply with the applicable regulations prior to denying benefits to Plaintiff essentially left the Court without all the necessary factual findings to determine whether the Commissioner's denial was based upon substantial evidence and whether the Commissioner's denial was substantially justified.

Therefore, the Commissioner has failed to satisfy his burden to show the decision of the ALJ/Commissioner was substantially justified both in fact and in law to a degree which could satisfy a reasonable person. Consequently, I **CONCLUDE** the position of the Commissioner was not substantially justified. Accordingly, I **RECOMMEND** that aspect of Plaintiff's motion which seeks an award of attorney's fees under the EAJA [Doc. No. 20] be **GRANTED**.

### D. Amount of EAJA Fees

In his motion, Plaintiff seeks attorney's fees of $6430.30 and $250 for the filing fee for this action [Doc. No. 20]. Plaintiff states the $6430.30 in attorney's fees is comprised of: (1) 29.5 hours of attorney's time at $159.00 per hour, or $4690.50; (2) 20 hours, out of a total of 61.5 hours expended, of time for a law school graduate awaiting admission to the bar at $60.00 per hour, or $1200.00; and (3) 6.3 hours of paralegal time at $46.00 per hour, or 289.80 [*id.*]. This is summarized as:

```
(1) Attorney's fees of - - -         $4690.50 (29.50 hours @ $159.00 per hour)
(2) Law School graduate fees of - -  $1200.00 (20 hours @ 60.00 per hour)
(3) Paralegal fees of  - - -           289.80  (6.3 hours @ $46.00 per hour)
(4) Filing fee - - - - - - - - - -     250.00
                                     $6,430.30
```

As noted, Plaintiff's counsel has submitted an itemized statement of the hours, hourly rates and qualification of the individuals providing services, which is attached to counsel's declaration in support of Plaintiff's motion for attorney's fees [Doc. No. 22]. The Commissioner does not challenge the hourly rates charged or the qualifications of the persons rendering services.

The Commissioner does challenge the number of hours spent on preparing pleadings, asserting the number of hours claimed is excessive. The Commissioner also seeks to have the clerical tasks performed by the paralegal deleted from any award to the Plaintiff [Doc. No. 23 at 5]. The Commissioner asserts the 23.1 hours sought by Plaintiff's counsel for briefing are excessive as "[i]n many instances, all three briefs used the same terminology, which would certainly have saved some time" [*id.*]. The Commissioner asserts the number of hours sought by the Plaintiff's attorney should be reduced by 25 percent, or six hours, reducing the attorney's fees by $954.00 [*id.* at 6].

With regard to the paralegal time sought, the Commissioner asserts the paralegal spent 1.2 hours reviewing the post office mail receipts and receiving e-mail notices of filings, which the

Commissioner contends are purely clerical tasks, not compensable under the EAJA [*id.*]. Additionally, the Commissioner states the paralegal regularly checked PACER, which is another purely clerical task. Accordingly, the Commissioner asserts the fees for paralegal time should be reduced by $102.00, which would reduce the total EAJA fees to no more than $5,374.30 [*id.*].

In his response, Plaintiff asserts the amount of time claimed for writing three pleadings, a principal brief, a reply brief and objections to the report and recommendation of the magistrate judge, is not excessive [Doc. No. 24 at 3]. Plaintiff further asserts the paralegal time is not merely clerical, because when the paralegal receives a legal notice, "she is charged with determining what it is, what may need to be done yet, what the deadline might be" and entering diary entries in the case file to ensure that actions that need to be done are done. [*id.* at 4]. Plaintiff asserts these tasks require some degree of legal judgment and are therefore compensable under the EAJA [*id.*].

In *Rice v. Apfel*, 16 F. Supp. 2d 971, 975 (N.D. Ill. 1998), the Plaintiff's attorney sought compensation for 62.84 hours of attorney's time, including 37.25 hours to prepare the briefs in the action. The Commissioner objected to the 37.25 hours for preparation of the briefs in the case as reasonable, but the court overruled the government's objection. *Id.* However, in *Spruil v. Bowen*, 691 F. Supp. 302, 306-07 (M.D. Fla. 1988), the plaintiff's attorney sought compensation for 62.7 hours of attorney's time, which included 37.3 hours for research and brief writing. The court reduced the number of hours for research and brief writing to 25. *Id.* But, in *Sorich v. Shalala*, 838 F. Supp. 1354*,* 1361 (D. Neb. 1993), the court found that 46.25 hours of attorney's time "was fair, reasonable, and necessary for the pursuit of this case." *See Thompson v. Sec'y of Health and Human Servs.,* 790 F. Supp. 753, 757 (S.D. Ohio 1991) (EAJA fees for 28.75 hours of attorney's time was reasonable). *See also DiGennaro v. Bowen*, 666 F. Supp. 426, 433 (E.D.N.Y. 1987) (in social security cases, the compensated hours generally range from twenty to forty hours).

In this instance, Plaintiff's counsel has sought compensation for 29.50 hours of attorney's time and 20 hours of time for research and writing performed by a recent law school graduate [Doc. No. 20]. A review of the declaration of Plaintiff's attorney reveals that the entire 20 hours of law school graduate time sought was for the research and writing of a draft of the Plaintiff's original brief [Doc. No. 22 at 4-5]. Plaintiff's counsel has also sought 6.7 hours for the drafting of the final edition of Plaintiff's original brief, 4.8 hours for the drafting of a reply brief, and 5.8 hours for drafting objections to the report and recommendation [*id.* at 4]. In addition, Plaintiff's counsel has sought 3.2 hours of attorney's time for reviewing the draft of the Plaintiff's original brief prepared by the law school graduate and 3.1 hours of research in preparing objections to the report and recommendation [*id.*]. Thus, Plaintiff's counsel has claimed a total of 43.6 hours of time, comprised of 23.6 hours of attorney's time and 20 hours of law school graduate time related to the research and writing of the briefs in this matter.

The use of law students, law clerks and paralegals has been praised as "cost efficient" and the denial of compensation for law students, law clerks and paralegals under the EAJA is "considered counter productive." *DiGennaro*, 666 F. Supp. at 431. Given the circumstances of this case, I **CONCLUDE** the 43.6 hours of time sought for the research and writing of the pleadings is not excessive. To the contrary, a considerable portion of the time spent on the original brief is comprised of research and writing by a recent law school graduate at a much lower rate than the rate charged by counsel. Thus, it appears the use of the services of the recent law school graduate actually saved fees even though it took the recent graduate more time to prepare the brief than an experienced attorney would take. I **RECOMMEND** compensation be awarded for the fees of the attorney and law school graduate as sought and without reduction.

With regard to paralegal time, the entries for paralegal time on December 7, 2005 indicated 0.30 hours of paralegal time was spent solely for the receipt of green cards [Doc. No. 22 at 5]. Consequently, I **RECOMMEND** the 6.3 hours of paralegal time sought be reduced to 6.0 hours of paralegal time as the receipt of green cards appears to be a merely clerical function. The remaining time sought for paralegal services appears to be for tasks that were not merely clerical and thus the use of a paralegal to render the services appears to be both appropriate and cost efficient.

This results in a recommended EAJA attorney's fee award of:

```
(1) Attorney's fees of - - -         $4690.50 (29.50 hours @ $159.00 per hour)
(2) Law School graduate fees of - -  $1200.00 (20 hours @ 60.00 per hour)
(2) Paralegal fees of  - - -           276.00 (6.0 hours @ $46.00 per hour)
(3) Filing fee - - - - - - - - -       250.00
                                     $6,416.50
```

### E.     Payment to Plaintiff

The Commissioner asserts any fees awarded under the EAJA should be sent to Plaintiff and not to his attorney [Doc. No. 23 at 7]. The Commissioner acknowledges that "it is typical in social security cases that the claimant pay his attorney with the EAJA funds." [*Id.*]. The Commissioner further acknowledges that when paying EAJA fees he "has accepted the plaintiff's assignment of fees (sent either to the Agency or to the U.S. Attorney's office), but no such assignment has been supplied by [Plaintiff] or his attorney. Without such assurance that [Plaintiff] has affirmatively agreed to such an arrangement, it is improper for the Agency to submit EAJA funds directly to the law firm." [*Id.*].

Relying on the decision in *King v. Comm'r of Soc. Sec.,* No. 06-3365, 2007 WL 930275, * 4 (6th Cir. Mar. 28, 2007), Plaintiff asserts in his reply that the Commissioner's argument regarding the payment of fees directly to counsel is meritless [Doc. No. 24 at 5]. Plaintiff further asserts the

Commissioner's "interest should be in ensuring that any EAJA award is used only for attorneys' fees, and not for some other purpose." [*Id.*].

The Sixth Circuit held in *King* that "attorney's fees can be awarded only on behalf of the party, not the attorney." *Id.* at * 3 (citing *Brown v. General Motors Corp.*, 722 F.2d 1009, 1011 (2d Cir. 1983). But, the Sixth Circuit also held:

> a party cannot request an award of attorney's fees unless he is required to pay those fees to his attorney . . . [T]o be "incurred" within the meaning of a fee shifting statute, there must also be an express or implied agreement that the fee award will be paid over to the legal representative. The statute does not contemplate that a fee award may be may be made to a party to be retained.

*Id.* (quoting *Phillips v. General Servs. Admin.*, 924 F.2d 1577, 1583 (Fed. Cir. 1991)). The *King* court further noted that the practice of the Sixth Circuit courts is to have a magistrate judge review a petition for attorney's fees under the EAJA and, if the magistrate judge recommends an award of fees, the magistrate judge will recommend the plaintiff's attorney receive the attorney's fees. *Id.* at * 5. The Sixth Circuit noted that in order for a plaintiff to receive an award of EAJA attorney's fees, there must be an implied agreement the fee is to paid over to Plaintiff's legal representative. *Id.* at * 4 (quoting *Phillips*, 924 F.2d at 1583). The Sixth Circuit further held the attorney's fee award is "necessarily payable to the attorney, either directly or through the hands of the prevailing party." *Id.* Although there apparently is not an express assignment of EAJA attorney's fees in this action as is the better practice, I **RECOMMEND** Plaintiff's counsel receive the award of EAJA attorney's fees.

**III.     Conclusion**

For the reasons set forth in detail above, it is **RECOMMENDED**[1]:

(1)     The Plaintiff's motion for EAJA attorney's fees [Doc. No. 20] be **GRANTED**;

(2)     The Plaintiff be awarded EAJA attorney's fees in the amount of $6,166.50 and costs for the filing fee in the amount of $250.00, for a total award under the EAJA of $6,416.50; and

(3)     The award of EAJA attorney's fees be paid to the Plaintiff's attorney.

                    s/*Susan K. Lee*
                    SUSAN K. LEE
                    UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).