IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ALEXANDER WATKINS, ) <br> ) <br> Plaintiff, ) <br> ) Case No: 1:05-cv-322 <br> v. ) <br> ) <br> JO ANNE B. BARNHART, COMMISSIONER ) Chief District Judge Curtis L. Collier <br> OF SOCIAL SECURITY, ) <br> ) <br> Defendant. ) | |

**MEMORANDUM**

Before the Court are the objections of the Commissioner of the Social Security Administration ("the Commissioner") to the Report and Recommendation ("R&R") of United States Magistrate Judge Susan K. Lee (Court File No. 28). Plaintiff Alexander Watkins ("Plaintiff") has responded to these objections, and this matter is now ripe for decision. For the following reasons, the Court will **ACCEPT** and **ADOPT** the R&R of the magistrate judge, but the Court will **ORDER** the Commissioner to send any payment of fees to Plaintiff's Counsel but the payment should be payable to Plaintiff. However, this payment is for the sole purpose of paying attorney's fees and may not be used by Plaintiff for any other purpose than payment of such fees.

**I. FACTS AND PROCEDURAL BACKGROUND**

The Court will **ACCEPT** and **ADOPT** the facts and procedural background set out by the magistrate judge. The Court previously found for Plaintiff and remanded "the matter to the Commissioner under the fourth sentence of 42 U.S.C. § 405(g) for further fact-finding by an Administrative Law Judge." (Court File No. 18). Plaintiff then filed a motion requesting attorneys'

fees under 28 U.S.C. § 2412 (Court File No. 20). The magistrate judge recommended granting this motion, and awarding attorney's fees of $6,416.50 payable to Plaintiff's attorney. The Commissioner objects to all three of these recommendations.

II.     **STANDARD OF REVIEW**

This Court conducts a de novo review of the portions of the R&R to which objections are made, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court's standard of review is the same as the magistrate judge's, but a party's general objections are not sufficient to challenge a magistrate judge's findings. *Howard v. Sec'y of Health and Human Serv.*, 932 F.2d 505, 509 (6th Cir. 1991). "A district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrates report." *Id.* A district court should only review for clear error where a party makes perfunctory arguments to engage the district court in rehashing the same arguments set forth in the original petition. *Edwards v. Fischer*, 414 F.Supp.2d 342, 346-47 (S.D.N.Y. 2006) (internal citations omitted). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

III.    **DISCUSSION**

Commissioner raises three different objections to the magistrate judge's R&R, which the Court will consider in turn.

   A.    **The Commissioner's Objection to the Award of Fees**

The Commissioner argues the decision of the administrative law judge ("ALJ") in this case

was substantially justified, and therefore the Court should decline to award any fees under 28 U.S.C. § 2412. "[A]lthough the ALJ did not explicitly refer to [Plaintiff's] obesity, it was clear from the record that the ALJ was aware of [Plaintiff's] weight because he had seen him at the hearing. Further, the ALJ relied on the doctors who had examined [Plaintiff] and were certainly aware of his obesity and, thus, implicitly considered the impairment." (Court File No. 28, at 1-2).

"A position is substantially justified when it is justified in substance or in the main - that is, justified to a degree that could satisfy a reasonable person. Stated otherwise, a position is substantially justified when it has a reasonable basis both in law and fact." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004).

The Court has found the ALJ did not provide sufficient detail in his ruling to justify the denial of benefits under the law (Court File No. 17 at 11). The Court found the ALJ's decision was "not supported by substantial evidence and did not appear to follow the rules of [Social Security Ruling] 97-6p." (Court File No. 17 at 17). This particular Social Security Ruling requires an ALJ to "review the entire record, including objective medical evidence and the claimant's subjective statements. The ALJ must also consider a list of factors, including the claimant's daily activities and factors that may precipitate or aggravate the pain." (Court File No. 17, at 16) (internal citations omitted).

The Court found "the ALJ did not ask about Plaintiff's daily life activities and failed to clearly consider Plaintiff's obesity, which seems to be a factor that aggravates symptoms of Plaintiff's osteoarthritis." (Court File No. 17 at 17). The decision of the ALJ did not comply with the procedural requirements of the Social Security Administration, and this deficiency prevented the Court from conducting a "thorough and fair judicial review." (*See id*. at 13).

Regardless of whether the Commissioner's decision has a reasonable basis in fact, it does not have a reasonable basis in law.

In any event, the Commissioner's objections have little merit. As to the first, the Commissioner objects the ALJ was clearly aware of Plaintiff's obesity (Court File No. 28 at 1-2). However, the law does not require the ALJ to merely be aware of a complainant's obesity; instead, the law requires the ALJ to consider obesity as an aggravating factor.

The Commissioner protests awarding fees for this case because of a mistake of law would make the award of fees in such cases automatic (Court File No. 28 at 2). However, if an ALJ has failed to articulate required reasoning in an opinion the Court will only remand a case where there is no substantial evidence to support the outcome of the ALJ (Court File No. 17 at 13). The Commissioner cannot contend the ALJ has failed to develop the record, and then simultaneously require the Court to search this non-existent record to determine the amount of factual support extant for an unarticulated position in order to determine the position's factual reasonableness.

The Commissioner also argues reasonable minds can differ concerning the case, and offers as evidence the fact the magistrate judge initially agreed with the Commissioner's assessment of the case. This may be so as to the facts of the case, and whether, on those facts, Plaintiff has satisfied the requirements of the Social Security Act, but there can be no disagreement on either the record of the case or the text of the decision the ALJ rendered. The Court's decision to remand this matter was based on a defect of law, and not a conclusion the ALJ erred in finding facts.

**B. The Amount of the Award**

The Commissioner objects to the size of the award, claiming it is excessive. "As Mr. Wilson himself pointed out, he is an attorney who is well qualified and experienced in Social Security

matters. . . . Given the straight-forward nature of this case, Mr. Wilson's time of 23.1 hours appears excessive to the Commissioner." (Court File No. 28 at 3). There is no reasoning, analysis, or estimates of how much time this matter should have taken. Where a party makes a perfunctory objection to the magistrate judge's R&R, the Court need only review the R&R for clear error. *Edwards*, 414 F.Supp.2d at 346-47.

The magistrate judge cited several examples of courts approving awards higher than Plaintiff's request (Court File No. 25 at 7). The Commissioner does not distinguish these cases or advance any specific argument for why this particular award is unreasonable. According to one of the cases the magistrate judge cited, the average Social Security case requires 20 to 40 hours of attorney time (*id*.). The magistrate judge found the slightly high number of hours, 43.6, spent on the research and writing in this case was easily offset by the fact that 20 of those hours were from a recent law school graduate compensated at a much lower rate than an attorney (*id*. at 8). The Court finds no error in this determination.

### C. Payment of the Fees to the Attorney

Plaintiff's motion asks the payment of fees to be made to Plaintiff's counsel directly. Plaintiff argues the law requires any attorney's fee award must actually be owed, and therefore under Sixth Circuit precedent the award is payable to the attorney. (Court File No. 29 at 6-7) (*citing King v. Comm'r of Soc. Sec.*, 230 F.App'x 476 (6th Cir. 2007)).

The Commissioner argues this case does not stand for the principle for which Plaintiff cites it (Court File No. 28). The Commissioner argues the statute cannot be interpreted to allow an award of attorney's fees to an attorney directly, and argues Supreme Court cases construing other fee shifting statutes have consistently stated the award of fees is to a party and not to an attorney (*id*.)

*(citing Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983); *Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602-03, 603 n.4 (2001); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990)).

The language of the statute allows an award of attorney's fees to a "prevailing party." 28 U.S.C. § 2412(d)(1)(A). Congress has expressly stated when a payment may be made directly to an attorney elsewhere in the United States Code. *See* 42 U.S.C. § 406(b) (the Commissioner must withhold and pay attorney's fees directly to the attorney). There is no such language in 28 U.S.C. § 2412, which supports the conclusion that Congress did not use such language because it did not intend for the award of fees to be paid directly to the attorney.

The greater weight of precedent is against paying the fees directly to the attorney. *FDL Technologies, Inc. v. United States*, 967 F.2d 1578, 1580-81 (Fed. Cir. 1992) (case considers a different fee shifting statute with identical language); *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007); *Hogan v. Astrue*, 539 F.Supp.2d 680, 683 (W.D.N.Y. 2008) (gathering cases).

Plaintiff relies mainly on the *King* case. In *King*, the relevant issue is whether the opening phrase "now comes Plaintiff's attorney" indicated the fees were sought on behalf of the plaintiff or indicated the fees were sought on behalf of the attorney. *King*, 230 F.App'x at 482. "In this case, only the words 'Now comes Plaintiff's attorney' support the conclusion that counsel applied for fees on her own behalf, and this wording may well have been inadvertent." *Id*. The *King* court did state "attorney's fees awarded . . . are payable to the attorney; they are awarded for the benefit of the party, but the money is not the party's to keep." *Id*. at 481. The Court does not read this language as saying the payment check must be made out in the name of the attorney. This language could also simply mean the attorney must be the ultimate recipient of the money. If that is the construction,

then *King* merely restates the traditional rule and does not support the proposition the payment check must be made out in the name of the attorney.

Plaintiff also cites *Willis v. Sullivan* for the principle attorney's fees are payable directly to an attorney. 931 F.2d 390, 394 (6th Cir. 1991). The *Willis* court was also not presented with any argument as to whom the payment for attorney's fees was to be made. The dispute regarding fees in *Willis* centered around what proceedings fees were recoverable for and whether the attorney could receive a cost of living increase. *Id*. at 399-402.

The Court agrees with Plaintiff's argument that fees are only recoverable to the extent they are actually owed (Court File No. 29 at 6). The Court is also mindful of the need "to prevent a windfall" (*Id*. at 7), but this can best be accomplished by following the language of the statute. There is no way for the Court in this case, or in an ordinary case, to determine what the arrangement is between attorney and client regarding the payment of fees. If the party has already paid any amount of the fees then the party may keep that portion of the fee payment as a reimbursement. If the party has paid no fees then the entire attorney's fees award should go to the attorney. These are matters better left in the first instance to be handled between attorney and client.

The Court notes there is no indication of any discord or distrust between Plaintiff and counsel so there is not reason to think that a check made out in the name of Plaintiff that may only be used to pay counsel's fees, will not be used for that purpose. To the extent there is a disagreement about the disposition of the payment check between a client and his counsel, the procedure of sending the check to counsel but making it payable to the client achieves protection of both by requiring joint action for the check to be cashed. Both the client and the attorney will know about the payment check and must communicate to have it cashed.

In situations where some other arrangement is desired, counsel can provide for that in their retainer agreements. With such a provision in their retainer agreements, upon the award of attorney's fees, counsel can inform the court of that provision and the payment would then go directly to counsel.

The client may assign the right to attorney's fees as he so chooses, but where the statute indicates the award is to the party and the greater weight of precedent only allows an award to the party itself the Court will follow the statute.

## IV. CONCLUSION

For the reasons set out above, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R (Court File No. 25) and will **GRANT** Plaintiff's motion for attorney's fees (Court File No. 20), but that the Court will **ORDER** the payment check be sent to counsel but made payable to Plaintiff. However, this payment is for the sole purpose of paying attorney's fees and may not be used for any other purpose by Plaintiff.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**